UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMAN KHAIMOV,<br><br>                    Plaintiff,<br><br>         -against-<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>                    Defendants. | 15-CV-8841 (LAP)<br><br>ORDER OF DISMISSAL |

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated November 24, 2015, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges that the "NYPD comes to [his] home on [his] birthdate mistakingly [sic] his little brother called them while his on [sic] infant only two year old playing . . . on [Plaintiff's] birthdate but [he] check[ed] the . . . boy little brother did not call." (Compl. ¶ III(C).)  Plaintiff claims that "Database NYC" witnessed what had occurred. (*Id.*)  Plaintiff requests that the Court consult Database NYC for a description of Plaintiff's injuries. (*Id.* ¶ IV.)  Plaintiff also claims he has "sent emails to (FBI) NYPD R. Kelly Commissioner . . . to complain why was [he] used in their sex cyber and also cyber warfare." (*Id.* ¶ V.)

## DISCUSSION

**A.     Complaint is Frivolous**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Plaintiff's complaint must be dismissed as frivolous.  Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely.  *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**B.     Motion to Seal**

On November 9, 2015, Plaintiff submitted a motion to seal this case. Generally, both the common law and the First Amendment protect the public's right of access to court documents, but this right of access is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). A party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Plaintiff brings his motion to seal but does not allege any facts for the Court to conclude that the circumstances here are sufficient to warrant sealing this case. Because Plaintiff's complaint and motion do not contain any sensitive information to overcome the strong presumption in favor of public access to judicial records, *see Lugosch*, 435 F.3d at 119, the Court denies the motion.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion to seal (Doc. No. 3) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 2, 2015
         New York, New York

                                                          */s/ Loretta A. Preska*
                                                          LORETTA A. PRESKA
                                                          Chief United States District Judge